UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE D. GUTIERREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL MOTORS LLC, et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-08237-JC<br><br>ORDER DENYING MOTION TO REMAND<br><br>[DOCKET NO. 16] |

**I.　SUMMARY**

On February 13, 2025, Plaintiff Stephanie D. Gutierrez ("Plaintiff"), filed a Complaint for Violation of Statutory Obligations ("Original Complaint" or "OC") against Defendants General Motors LLC ("Defendant"), Inland Chevrolet, Inc. ("Inland"), and Does 1-10 in Los Angeles County Superior Case No. 25STCV04117 ("State Action"). (Docket ("Dkt.") No. 1-1). The Original Complaint alleged that on or around April 26, 2022, Plaintiff purchased a used 2022 Chevrolet Silverado 1500 ("Subject Vehicle"), which "manifested defects covered by Defendant's express written warranties" including "transmission, engine and infotainment defects" that "substantially impair the use, value, and/or safety of" the vehicle. (Dkt. No. 1-1 at 12-13; OC at 1-2). The Original Complaint

raised causes of action for violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791 et seq. (Claims One through Four), and the Magnuson-Moss Warranty Act (alternatively, "MMWA"), 15 U.S.C. §§ 2301, et seq. (Claim Five). (Docket No. 1-1 at 13-17; OC at 2-6). On February 21, 2025, Plaintiff served the Summons and the Original Complaint on Defendant. (Dkt. No. 1-1 at 2).

On March 28, 2025, Plaintiff filed the operative First Amended Complaint (alternatively, "FAC") against Defendant and Does 1-10. (Dkt. No. 1-1 at 25). The First Amended Complaint omitted Inland as a defendant in this action and added new causes of action for violating the Uniform Commercial Code (Claim Six)[1] and the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq. (Claim Seven).[2] (Dkt. No. 1-1 at 26, 31-34; FAC at 1, 6-9). On June 27, 2025, Defendant filed an Answer to the First Amended Complaint. (Dkt. No. 1-2).

On September 2, 2025, Defendant removed the case to federal court based on diversity jurisdiction, alleging that Plaintiff is a citizen of California, Defendant is a citizen of Michigan and Delaware, and the amount in controversy exceeds $75,000. (Dkt. No. 1 at 3-4). The matter was thus removed to the United States District Court for the Central District of California and was subsequently assigned to this Court as to whom the parties have been deemed to consent. (See Dkt. Nos. 1, 5-6, 12-13).

On September 26, 2025, Plaintiff filed a Motion to Remand ("Motion") with a supporting Memorandum of Points and Authorities ("Mot. Mem."), and a Declaration of Michelle Yang, Esq. ("Yang Decl.") with an exhibit ("Yang Ex."). (Dkt. No. 16). Plaintiff contends that remand is warranted because Defendant's

---

[1] Plaintiff cites Cal. Comm. Code §§ 1203, 2602, 2607, and 2608. (FAC at 6-7).

[2] The Notice of Removal states that Plaintiff dismissed Claim Seven on May 27, 2025. (See Docket No. 1 at 2 n.1).

removal of the case to this Court (1) was untimely; and (2) Defendant has not established that removal is proper. (See Mot. Mem. at 5-11). On October 7, 2025, Defendant filed an Opposition to the Motion ("Opposition" or "Opp.") and a supporting Declaration of Karyn L. Ihara, Esq. ("Ihara Decl.") with exhibits ("Ihara Ex."). (Docket No. 17). On October 14, 2025, Plaintiff filed a Reply. (Dkt. No. 19). On October 24, 2025, the Court submitted the Motion for decision. (Dkt. No. 21).

For the reasons discussed below, the Motion is denied. In reaching this conclusion, the Court has considered every argument made by the parties and discusses the main contentions herein.

## II. PERTINENT LAW

"As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a));[3] see also Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 437 (2019) ("The general removal statute, 28 U.S.C. § 1441(a), provides that 'any civil action' over which a federal court would have original jurisdiction may be removed to federal court by 'the defendant or the defendants.'"). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago, 522 U.S. at 163; Yocupicio v. PAE Group, LLC, 795 F.3d 1057, 1059 (9th Cir. 2015).

///

---

[3] Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." Home Depot U.S.A., Inc., 587 U.S. at 437-38; see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." (footnotes omitted)); Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005) ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."). "Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." Home Depot U.S.A., Inc., 587 U.S. at 438.[4]

---

[4] Although the Magnuson-Moss Warranty Act – which Plaintiff claims Defendant violated in both the Original and First Amended Complaints (OC at 5-6; FAC at 5-6) – is a federal statute, it is unique in that it does not confer a basis for federal question jurisdiction unless the amount in controversy is at least $50,000. See 15 U.S.C. § 2310(d)(3)(B); Shoner v. Carrier Corp., 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000."); Schultz v. Gen. R.V. Ctr., 512 F.3d 754, 757 (6th Cir. 2008) ("The MMWA is a somewhat unique federal statute in that merely alleging a violation of the act is insufficient to confer federal question jurisdiction; a separate $50,000 amount in controversy requirement must also be satisfied."); Lopez v. Kia Am., Inc., 693 F. Supp. 3d 1063, 1067 (C.D. Cal. 2023) ("Actions removed based on the [MMWA] do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than 'the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit.'") (quoting 15 U.S.C. § 2310(d)(3)(B)); Guerrero v. Mercedes-Benz USA, LLC, 2023 WL 4085975, *1 (C.D. Cal. 2023) ("In order [to] file a claim in district court under the [MMWA], the amount in controversy must be at least $50,000.").

"Removal statutes are 'strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" Casola v. Dexcom, Inc., 98 F.4th 947, 954 (9th Cir. 2024) (quoting Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009)); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) ("[S]tatutory procedures for removal are to be strictly construed."). "This rule of narrow construction both recognizes the limited jurisdiction of federal courts and 'protect[s] the jurisdiction of state courts.'" Casola, 98 F.4th at 954 (quoting Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005)). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" Casola, 98 F.4th at 954 (quoting Moore-Thomas, 553 F.3d at 1244); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) ("It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal quotation marks and brackets omitted)). Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. See 28 U.S.C. § 1447(c).

"[28 U.S.C. §] 1446(b) provides the rules governing the timeliness of removal. The default rule is that the party seeking removal must remove 'within 30 days after the receipt . . . of a copy of the initial pleading.'" Blumberger v. Tilley, 115 F.4th 1113, 1121-22 (9th Cir. 2024) (quoting 28 U.S.C. § 1446(b)(1)), cert. denied, 145 S. Ct. 2818 (2025; see also Mayes v. Am. Hallmark Ins. Co. of Texas, 114 F.4th 1077, 1078 (9th Cir. 2024) (Section "1446(b)(1) establishes a time limit for removal that generally starts to run when the defendant receives a copy of the initial pleading, which is typically a complaint."). But for this default rule to apply, "the ground for removal must be revealed affirmatively in the initial pleading[.]" Harris, 425 F.3d at 695; Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013). If "'the case stated by the initial pleading is not removable,' a party may remove a case within 30 days 'of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Blumberger, 115 F.4th at 1122 (quoting 28 U.S.C. § 1446(b)(3)); Dietrich v. Boeing Co., 14 F.4th 1089, 1090 (9th Cir. 2021). But "an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under . . . § 1446(b)(3)." Dietrich, 14 F.4th at 1095. Finally, when read together, 28 U.S.C. "§§ 1441 and 1446 . . . permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" set forth in Section 1446(b)(1) or (b)(3), so long as any such "notice of removal [is] filed . . . within one year of the commencement of the action." Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125-26 (9th Cir. 2013) (citing 28 U.S.C. § 1446(c)(1)). "If a defendant files a notice of removal after the time limit has run out, then removal is improper." Mayes, 114 F.4th at 1078.

## III. DISCUSSION

As set forth above, Plaintiff's Original Complaint was filed on February 13, 2025 and was served on Defendant on February 21, 2025, but Defendant did not remove this action to federal court until September 2, 2025 – more than thirty (30) days after the Original Complaint was served on Defendant. Plaintiff argues that this action should be remanded because Defendant's Notice of Removal (1) was untimely under 28 U.S.C. § 1446(b)(1) and had to have been filed within thirty (30) days after service because (a) federal question jurisdiction was ascertainable from the Original Complaint since it contained an MMWA claim; and (b) the requisite amount in controversy was ascertainable from the Original Complaint; and (2) fails

///
///
///
///

to establish the requisite amount in controversy.⁵ (Mot. Mem. at 5-9). Defendant disagrees. (Opp. at 10-18).

### A. The Notice of Removal Was Not Untimely

First, the Court rejects Plaintiff's assertion that the Notice of Removal was untimely and should have been filed within thirty (30) days of service because federal question jurisdiction was ascertainable from the Original Complaint based merely on the inclusion of the MMWA claim (Mot. Mem. at 5-6). As noted above, the MMWA does not confer federal question jurisdiction unless the amount in controversy is at least $50,000. See supra note 4 and authorities cited therein.

Second, the Court likewise rejects Plaintiff's assertion that the Notice of Removal was untimely and should have been filed within thirty (30) days of service because the requisite amount in controversy – whether $50,000 for federal question juridiction under the MMWA or $75,000 for diversity jurisdiction – was ascertainable from the Original Complaint. (Mot. Mem. at 6-9). Neither Plaintiff's Original Complaint nor the operative First Amended Complaint, provides an approximate value of the Subject Vehicle. Rather, they simply identify the vehicle as a 2022 Chevrolet Silverado 1500 and provide the vehicle identification number. (See OC at 1; FAC at 1).

Plaintiff concedes that her "state court complaint does not allege a specific dollar amount in controversy," but argues that "it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000 based on the face of the complaint alone." (Mot. Mem. at 6-9). Plaintiff reasons that "the

---

⁵This argument appears to contradict Plaintiff's contention that the amount in controversy is clearly ascertainable from the Original Complaint. See Fortune v. Gen. Motors, LLC, 2025 WL 2866659, *2 n.1 (C.D. Cal. 2025) (Plaintiff's argument that "Defendant has failed to meet its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000 for diversity jurisdiction (or $50,000 for jurisdiction pursuant to the Magnuson-Moss Warranty Act) . . . appears to run directly contrary to her argument that it was clear from the face of her Original Complaint that the amount in controversy exceeded the jurisdictional threshold.").

complaint explicitly states that Plaintiff's claims arise out of his [sic] purchase of a new 2022 Chevrolet Silverado 1500 vehicle and seeks: 'restitution for the purchase of the vehicle'; 'incidental and consequential damages'; 'civil penalties of two times the actual damages'; and 'attorneys' fees[.]'"[6] (Mot. Mem. at 6). But, even setting aside the fact that the Original Complaint identifies the Subject Vehicle as used (see OC at 1-2),[7] "absent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline." Torres v. Gen. Motors LLC, 2025 WL 2848989, *3 (C.D. Cal. 2025); Stewart v. Gen. Motors LLC, 2025 WL 2848991, *3 (C.D. Cal. 2025); see also Pastrana v. Nissan N. Am., Inc., 2024 WL 2817533, *2 (C.D. Cal. 2024) ("The Complaint seeks damages, including with regard to the [rescission] of the vehicle sales contract and restitution of all monies expended, diminution in value, a civil penalty in the amount of twice actual damages and reasonable attorneys' fees. However, the Complaint does not list a dollar amount corresponding to the damages. For example, the Complaint does not allege the sale price of the Vehicle or any other specific measure of damages, nor does it allege the amount of attorneys' fees and costs incurred. Without information sufficiently providing an amount in controversy, the presence of diversity jurisdiction is not 'revealed

///

///

---

[6] Plaintiff cites the Original Complaint's prayer for relief as her source for the quoted language. But some of the quoted language does not appear in the Original Complaint's prayer – or anywhere else in the Original Complaint or the First Amended Complaint. For instance, Plaintiff refers to "restitution for the purchase of the vehicle" while the Original Complaint and First Amended Complaint both more simply request "restitution." (Compare Mot. Mem. at 6 with OC at 6-7 and FAC at 9-10).

[7] The First Amended Complaint does not specify whether the Subject Vehicle is new or used.

affirmatively in the initial pleading' as necessary to trigger the first thirty-day removal period." (citations omitted)).[8]

Plaintiff also argues that given Defendant's "sophisticated knowledge of the motor vehicle industry," it had, "at a minimum, a rudimentary understanding or ability to ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle; especially given that the make, model, year, and VIN, were included within the factual bases alleged within the [Original] Complaint." (Mot. Mem. at 7). Additionally, Plaintiff asserts that Defendant, as "the manufacturer and/or distributor of the Subject Vehicle had access to the Manufacturer's Suggested Retail Price . . . of the Subject Vehicle, which [Defendant] identifie[d] as $39,800.00 in Defendant's internal March 14, 2022 invoice of the Subject Vehicle to Gosch Chevrolet, the selling dealership." (Mot. Mem. at 7-8; see also Yang Decl. ¶ 11; Yang Ex. 2). But these contentions are meritless since, among other things, a defendant is required to examine only "the four corners of the applicable pleadings" and need not rely on "subjective knowledge or a duty to make further inquiry."[9] Harris, 425 F.3d at 694; see also

---

[8] "As with suits in diversity, [the Court] [in an MMWA action] look[s] no farther than the pleadings to determine the amount in controversy unless 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" Kelly v. Fleetwood, 377 F.3d 1034, 1037 (9th Cir. 2004); see also Lopez, 693 F. Supp. 3d at 1067 ("Courts analyze the amount in controversy under the [MMWA] using the same principles as diversity jurisdiction."); Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("There is nothing in the text of the [MMWA] that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332.").

[9] In her Reply, Plaintiff contends:

before Plaintiff ever filed this action, Defendant and its counsel already possessed the Subject Vehicle's Retail Installment Sales Contract and all repair orders. As Plaintiff's Motion established, these materials were provided to Defendant and Defendant's counsel on January 4, 2025 during the parties' pre-litigation

(continued...)

Kuxhausen, 707 F.3d at 1141 ("BMW was not obligated to supply information which Kuxhausen had omitted.").

Plaintiff further argues that the "Civil Case Cover Sheet[] expressly indicated that the claim was being brought under the state court's unlimited jurisdiction (seeking damages above $35,000.00)." (Mot. Mem. at 8). But the fact that Plaintiff filed an unlimited civil case in state court, without more, does not demonstrate that the amount in controversy exceeded $50,000 – for MMWA purposes – let alone $75,000 for diversity jurisdiction purposes. See, e.g., Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010) ("The checked 'Unlimited' box on the cover sheet merely indicates that the '[a]mount demanded exceeds $25,000.'"); Martinez v. Gen. Motors LLC, 2025 WL 2926885, *5 (C.D. Cal. 2025) ("[T]he caption page and Civil Case Cover Sheet were insufficient to trigger Defendant's 30-day deadline for removal" when these documents "merely indicate that the 'Amount demanded exceeds $35,000[]'" and did not indicate "whether the amount demanded is the total amount in controversy, in which case the amount would be too low, or whether this is the amount demanded for actual damages."); Medina v. Gen. Motors LLC, 2025 WL 2963020,

---

[9](...continued)
settlement discussions. Those documents, identifying the vehicle's purchase price, VIN, repair history, mileage, and alleged nonconformities, supplied every data point necessary to calculate the amount in controversy and determine removability.

(Reply at 1; see also Yang Decl. ¶ 7 ("As part of . . . pre-litigation settlement efforts, my office produced to Defendant and Defendant's counsel a copy of the Subject Vehicle[']s Sales Agreement and all repair orders in January 2025." (emphasis omitted)). But this argument fails for the reasons set forth herein. Kuxhausen, 707 F.3d at 1141; Harris, 425 F.3d at 694. Moreover, documents provided to Defendant prior to the initiation of a lawsuit cannot trigger the 30-day period under Section 1446(b)(3). See Kuxhausen, 707 F.3d at 1141-42 ("Because Kuxhausen's demand letter was provided to BMW before she initiated her suit, it cannot trigger [Section 1446(b)(3)'s] thirty-day period."); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010) ("[A]ny document received prior to receipt of the initial pleading cannot trigger [Section 1446(b)(3)'s] thirty-day removal period.").

10

\*3 (C.D. Cal. 2025) ("The fact that Plaintiff filed an unlimited civil case in state court, standing alone, did not demonstrate the amount in controversy exceeded $75,000."); Lopez v. Gen. Motors, LLC, 2025 WL 2629545, \*2 (C.D. Cal. 2025) ("Courts have rejected identical arguments that bringing a similar claim under the state court's unlimited jurisdiction is sufficient to show that the amount in controversy requirement is met."); Martinez v. Jaguar Land Rover N. Am., LLC, 2025 WL 1862810, \*3 (E.D. Cal. 2025) ("General notations regarding the amount in controversy on attachments, such as on an administrative civil case cover sheet, are insufficient to trigger removal.").

Accordingly, because Plaintiff's Original Complaint did not clearly establish the amount in controversy for MMWA federal question jurisdiction or diversity jurisdiction purposes, it did not trigger the first thirty-day deadline under Section 1446(b)(1).[10] Harris, 425 F.3d at 695; Torres, 2025 WL 2848989 at \*3; Stewart, 2025 WL 2848991 at \*3; see also Medina, 2025 WL 2963020 at \*3 ("[B]ecause the Complaint was ambiguous on its face as to removability based on either diversity jurisdiction or federal question jurisdiction, the 30-day removal clock did not start when the Complaint was served on April 2, 2025."). And since Plaintiff does not suggest Section 1446(b)(3) is applicable,[11] Defendant timely filed the Notice of

---

[10]Plaintiff alternate argument – discussed below – arguably concedes this point. (See Mot. Mem. at 9-11 (stating that "[w]here the amount is unclear from the face of the complaint, the removing defendant bears the burden of showing, by a preponderance of the evidence, that the jurisdictional threshold is met" and arguing that Defendant has not met its burden); see also Reply at 3 ("Because it is unclear from the face of the Complaint that the Federal threshold is exceeded, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $50,000.").

[11]Plaintiff does not suggest her First Amended Complaint made a ground for removal "unequivocally clear and certain" so as to start the removal clock under § 1446(b)(3). Dietrich, 14 F.4th at 1095. If she had, any such argument would be rejected as the First Amended Complaint is equally as indeterminate as the Original Complaint in relation to the amount in controversy in this action. And as stated above, any papers provided to Defendant prior to the
(continued...)

1  Removal within one year of the commencement of this action.  Roth, 720 F.3d at
2  1125; Medina, 2025 WL 2963020 at *3; see also Villegas v. Gen. Motors, LLC,
3  2025 WL 2964012, *3 (C.D. Cal. 2025) ("[T]he Court concludes that Defendant's
4  Notice of Removal was not untimely because it is not clear from the face of the
5  Complaint that this action was removable.").

### B. Defendant Has Established by a Preponderance of the Evidence That the Amount in Controversy Exceeds $75,000

As previously noted, Section 1332 "gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000."  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)).  This statutory formulation requires "complete diversity of citizenship."  Caterpillar, Inc, 519 U.S. at 68 (1996); Lincoln Prop. Co., 546 U.S. at 89.  "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original).  Here, Plaintiff does not challenge Defendant's assertion that complete diversity exists between the parties.  (See Docket No. 1 at 3-4; Mot. Mem. at 1-11); see also Loudermilk v. FCA US, LLC, 2025 WL 2753951, *1 (C.D. Cal. 2025) ("Plaintiffs do not dispute that complete diversity between the parties exists, and thus the Court considers that requirement satisfied.").  However, Plaintiff does challenge whether Defendant has established the amount in controversy necessary to provide this Court with subject matter jurisdiction.[12]  (Mot. Mem. at 9-11).

---

[11](...continued)
initiation of a lawsuit cannot trigger the alternate 30-day period under Section 1446(b)(3). Kuxhausen, 707 F.3d at 1141-42; Carvalho, 629 F.3d at 886.

[12]While Plaintiff makes this argument in terms of the MMWA's $50,000 jurisdictional limit (Mot. Mem. at 9-11), "Defendant did not remove on the basis of the MMWA claim. Instead, Defendant removed on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a).  As a
(continued...)

"Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" Chavez v. JP Morgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (citation omitted); Guglielmo v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010) ("[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction – typically the defendant in the substantive dispute – has the burden to prove, by a preponderance of the evidence, that removal is proper.").

In her First Amended Complaint, Plaintiff requests remedies for her state law Song-Beverly Act claims that include: (1) actual damages; (2) civil penalties; and (3) attorneys' fees. (FAC at 9-10). In the Notice of Removal, Defendant estimated actual damages of $47,570.51, based on an estimate of the value of the Subject Vehicle and an estimate of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebates, and negative equity. (Docket No. 1 at 5). In its Opposition, Defendant revised its estimated actual damages to $31,849.65, by relying on Plaintiff's Lease Agreement, the Subject Vehicle's repair history, and documents produced by Plaintiff demonstrating her payment history to calculate the cash value of the Subject Vehicle, an estimated mileage offset, and other offsets for optional third-party contracts. (See Opp. at 17; Ihara Decl. ¶¶ 2-3; Ihara Exs. A-B); see also Sosa v. Nissan N. Am., Inc., 2025 WL 2938075, *2 (C.D. Cal. 2025) ("Under the Song-Beverly Act, actual damages are equal to the actual price paid or payable by the buyer, less the reduction in value 'directly attributable

---

[12](...continued)
result, Defendant must demonstrate that the amount in controversy exceeds $75,000, not $50,000." Villegas, 2025 WL 2964012 at *3.

13

to use by the buyer,' such as mileage offsets." (citing Cal. Civ. Code § 1793.2(d)(2)(B-C)).  Based on the evidence provided with Defendant's Opposition, the Court concludes that Defendant reasonably calculated actual damages of $31,849.65.  Villegas, 2025 WL 2964012, at *3.

"The Ninth Circuit routinely considers civil penalties when deciding whether the amount-in-controversy requirement has been satisfied, including in Song-Beverly cases." Wang v. FCA US LLC, 2025 WL 1218745, *2 (C.D. Cal. 2025) (citing Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007) and Morey v. Louis Vuitton N. Am., Inc., 461 F. App'x 642, 643 (9th Cir. 2011)); Villegas, 2025 WL 2964012, at *4; see also Azzinari v. Volkswagen Grp. of Am., Inc., 2025 WL 2835456, *3 (C.D. Cal. 2025) ("The maximum amount of civil penalties generally factor into the amount in controversy.").  In this case, Plaintiff clearly and repeatedly alleges Defendant's conduct was willful, and she seeks civil penalties of up to two times the amount of actual damages.  (See FAC at 2-4, 9). As a result, the Court concludes that Defendant reasonably calculated civil penalties of $63,699.30 ($31,849.65 x 2).  Villegas, 2025 WL 2964012, at *4; see also Canseco v. Ford Motor Co., 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) ("[C]ivil penalties [are] appropriate for inclusion in the calculation of the amount in controversy without the defendant needing to 'prove a case against itself' with respect to liability for civil penalties."); Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("[T]he Song–Beverly Act in effect authorizes treble damages (compensatory damages plus up to twice of said damages) in the form of a civil penalty.  The Complaint alleges MBUSA willfully failed to comply with its obligation under the Song–Beverly Act and violated Cal. Civ. Code § 1793.2(d)(2), thus if Brady prevails, entitling him to treble damages under §§ 1794(c) and (e).  Thus, the civil penalty . . . is properly included in the amount in controversy."); Sosa, 2025 WL 2938075 at *3 ("[A]s the amount in controversy reflects the maximum that the plaintiff could recover, Nissan correctly

adds the full civil penalty to the amount in controversy calculation"). As a result, the amount in controversy, exclusive of attorneys' fees, based on actual damages and civil penalties is $95,548.95.[13] (Opp. at 18).

Accordingly, the Court concludes that Defendant has adequately demonstrated the amount in controversy exceeds $75,000, and Plaintiff's Motion to Remand should be denied. See Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1004 (C.D. Cal. 2021) ("The sum of the restitution and civil penalty amounts in controversy is $75,056.10. Accordingly, the Court finds that the $75,000 jurisdictional requirement has been satisfied, and DENIES motion to remand for lack of subject matter jurisdiction." (footnote omitted)); Akulyan v. Mercedes-Benz USA, LLC, 2025 WL 2553443, *5 (C.D. Cal. 2025) ("[T]he Court finds that Defendant has shown, by a preponderance of the evidence, that a civil penalty of up to two-times the vehicle price can be considered in determining whether the amount-in-controversy requirement has been met. Combined with actual damages of $44,226.60, the addition of $88,453.20 readily meets the amount in controversy for purposes of this Motion.").

**IV. ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Dkt. No. 16) is DENIED.

IT IS SO ORDERED.

DATED: October 27, 2025

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[13]"Because the Court concludes that the jurisdictional amount has been satisfied, it need not consider the parties' dispute as to whether [Defendant] has met its burden to demonstrate the amount of attorneys' fees that are potentially recoverable." Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1004 n.8 (C.D. Cal. 2021); Sosa, 2025 WL 2938075 at *3; Zepeda v. Ford Motor Co., 2025 WL 2650358, *3 (C.D. Cal. 2025).